1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>JOSE VALLADARES,<br><br>                              Defendant. | Case No.:  17cr3715-JAH<br><br>**ORDER DISMISSING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE (Doc. No. 76)** |

16

17

## **INTRODUCTION**

18      Pending before the Court is Defendant Jose Valladares' Motion for Compassionate

19  Release. *See* Doc. No. 76. After a careful review of the pleading submitted, IT IS HEREBY

20  ORDERED the motion is **DISMISSED without prejudice**.

21                                          **BACKGROUND**

22      Defendant Jose Valladares ("Defendant') pled guilty to a two-count information

23  charging him with Importation of Cocaine and Importation of Fetanyl, in violation of 21

24  U.S.C. §§ 952, 960. *See* Doc. No. 12, 31. On September 23, 2019, this Court sentenced

25  Defendant on Count 1 to 24-months in custody, to run concurrent with Count 2, and three

26  years of supervised release. *See* Doc. Nos. 71, 73.

27      On April 23, 2020, Defendant, through counsel, filed a motion for Compassionate

28  Release under the First Step Act, citing a pre-existing heart condition of Wolff-Parkinson-

White syndrome and the ongoing health concerns brought by COVID-19 throughout the BOP as the basis. *See* Doc. No. 76. Defendant represents that he requested release to home confinement to the Warden of Florence FCC Colorado (hereinafter, "BOP"), where he is currently housed. *See* Doc. No. 76 at 8. He infers, however, that the statutorily prescribed 30-days after submitting his request to the BOP nor the denial of request by the BOP has occurred and argues that the Court should instead relax the exhaustion requirement during the COVID-19 emergency. *Id*. at 9. Based on Defendant's pleading, the Court determines a response from the Government is not necessary at this juncture.

## LEGAL STANDARD

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). Defendant seeks modification of his sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). The amendment to § 3582(c)(1)(A) provided prisoners with two direct routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the defendant's facility, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). Thereafter, upon considering the applicable factors set forth in section 3553(a), the court may determine whether "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*; U.S.S.G. § 1B1.13(1)(A) & cmt. 1.

## DISCUSSION

Despite the plain language of 18 U.S.C. § 3582(c) rendering the exhaustion requirement mandatory, some courts have nonetheless held that requirement can be waived. *See, e.g*, *Wilson v. MVM*, Inc., 475 F.3d 166, 175 (3d Cir. 2007) (recognizing a narrow futility exception to certain statutory exhaustion requirements); *United States v. Jemal*, 2020 WL 1701706, at *3 (E.D. Penn. April 8, 2020) ("We are not convinced,

however, that we must rigidly adhere to the statutory directive that the BOP be provided up to thirty days to address Defendant's compassionate release request, without considering a futility exception to exhaustion."); *United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at \*4 (S.D.N.Y. Apr. 3, 2020) (holding that defendant's "advanced age and compromised health, combined with the high risk of contracting COVID-19 at Otisville, justify waiver of the exhaustion requirement"); *United States v. Perez*, No. 17 CR. 513-3 (AT), 2020 WL 1546422, at \*3 (S.D.N.Y. Apr. 1, 2020) (holding that defendant's "undisputed fragile health, combined with the high risk of contracting COVID-19 in the [detention center] justifies waiver of the exhaustion requirement").

While the Court is sympathetic to the concerns of Defendant in light of the spread of COVID-19 throughout the BOP[1], the Court is mindful of Ninth Circuit authority holding that this Court has no authority to consider Defendant's motion until after the Defendant exhausts administrative remedies. *See Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) (citation omitted) ("statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."). This Court also joins other sister courts in the Ninth Circuit and elsewhere in concluding that this Court has no authority to consider Defendant's motion until the exhaustion criteria of § 3852(c)(1)(A) is met. *See United States v. Garza*, 2020 WL 1485782 (S.D. Cal. March 27, 2020); *United States v. Reid*, 2020 WL 1904598 (N.D. Cal. April 18, 2020) (The futility exception "only applies to judicially created exhaustion requirements, as opposed to the statutory variety at issue here.") (citations omitted); *United States v. Holden*, No. 13-cr-00444, 2020 WL 1673440, at \*10 (D. Or. Apr. 6, 2020); *United States v. Eberhart*, No. 13-cr-00313, 2020 WL 1450745, at \*2 (N.D. Cal. March 25, 2020); United States v. Fuentes, 2020 WL 1937398 (E.D. Cal. April 22, 2020); *United States v.*

---

[1] The Court notes, however, there have been zero cases of COVID-19 reported at Florence FCC Colorado, where Defendant is currently located. *See* https://www.bop.gov/coronavirus/ (last visited April 28, 2020).

17cr3715-JAH

*Woodson*, No. 18-cr-00845, 2020 WL 1673253, at \*3 (S.D.N.Y. Apr. 6, 2020); *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at \*1 (E.D. Wash. Apr. 1, 2020); *United States v. Meron*, 2020 WL 1873900 (E.D. Cal. April 15, 2020); *see also*, *United States v. Otero*, 2020 WL 1912216, (S.D. Cal. April 20, 2020). As such, the Court does not have jurisdiction at this time to determine the merits of this motion.

## CONCLUSION

Therefore, IT IS HEREBY ORDERED this motion is **DISMISSED without prejudice**. Plaintiff has leave to re-file this motion if no action is taken by the BOP within the statutorily prescribed 30-days from the day his request was submitted to the BOP, or upon denial of his request.

**IT IS SO ORDERED.**

DATED: April 29, 2020

_____
JOHN A. HOUSTON
United States District Judge

17cr3715-JAH